UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
MIGUEL CASTILLO,

                Plaintiff,

                                      **No. 20 Civ. 2659**

    -against-

TINA's PB I, LLC. d/b/a PARIS BAGUETTE,         **COMPLAINT**
TINA'S PB II, LLC. d/b/a PARIS BAGUETTE, and
TINA MA,

                Defendants.
-------------------------------------------------------------------- X

        Plaintiff Miguel Castillo ("Plaintiff" or "Castillo") by his attorneys Pechman Law Group PLLC, complaining of defendants Tina's PB I, LLC. d/b/a Paris Baguette ("PB Rego Park"), Tina's PB II, LLC. d/b/a Paris Baguette ("PB Forest Hills"), and Tina Ma, (collectively, "Defendants"), alleges:

## NATURE OF THE ACTION

        1.     Miguel Castillo regularly worked between forty-eight and sixty hours per workweek as a baker at Paris Baguette but was not paid overtime wages pay at time and a half for hours he worked over forty in a workweek. Moreover, Castillo did not receive a wage notice upon hiring or when his rates of pay changed, did not receive wage statements with each payment of his wages, and was paid on a bi-weekly rather than weekly basis.

        2.     Castillo brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law § 190 *et seq.* ("NYLL"), and the New York State Wage Theft Prevention Act ("WTPA") seeking injunctive and declaratory relief against Defendants' unlawful actions and to recover unpaid overtime wages, liquidated and statutory damages, pre- and post-judgment interest, and attorneys' fees and costs.

## JURISDICTION

3. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391. All facts alleged in this Complaint occurred at PB Rego Park and PB Forest Hills, located in the Eastern District of New York.

## THE PARTIES

**Plaintiff Miguel Castillo**

5. Miguel Castillo resides in Queens, New York.

6. Defendants employed Castillo as a baker from approximately May 2017 through April 29, 2020.

7. Castillo worked at PB Rego Park from approximately May 2017 until December 2017.

8. Castillo worked at PB Forest Hills from approximately December 2017 through April 29, 2020, but on a few occasions also worked at PB Rego Park during this period.

9. Throughout his employment for Defendants, Castillo's work duties included making dough, placing dough on trays, placing trays of dough into ovens to bake bread, removing trays of baked bread from ovens, and manually organizing baked bread after it was baked.

10. Throughout his employment for Defendants, Castillo's work duties also included cleaning the PB Rego Park and PB Forest Hills kitchens, by sweeping and mopping the floor and wiping down kitchen and oven surfaces.

11. Throughout his employment, Castillo spent at least twenty-five percent (25%) of his working time performing physical tasks, such as cleaning, wiping, baking, preparing dough, moving trays, sweeping, and mopping.

12. Throughout his employment, Plaintiff was engaged in the production or in the handling or selling of, or otherwise working on, goods or materials that have been moved in or produced for commerce.

13. Throughout his employment, Plaintiff was an employee within the meaning of the FLSA and NYLL.

**Defendant Tina's PB I, LLC.**

14. Defendant Tina's PB I, LLC. is a New York company that owns, operates, and does business as Paris Baguette, a French-Korean bakery and café located at 96-33 Queens Blvd, Rego Park, NY 11374.

15. PB Rego Park has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

16. Since 2017, PB Rego Park has employed more than eleven employees per year.

17. PB Rego Park had an annual gross volume of sales in excess of $500,000 within the three years prior to the filing of this Complaint.

18. PB Rego Park is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

**Defendant Tina's PB II, LLC.**

19. Defendant Tina's PB II, LLC. is a New York company that owns, operates, and does business as Paris Baguette, a French-Korean bakery and café located at 107-08 Continental Ave, Forest Hills, NY 11375.

20. PB Forest Hills has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

21. Since 2017, PB Forest Hills has employed more than eleven employees per year.

22. PB Forest Hills had an annual gross volume of sales in excess of $500,000 within the three years prior to the filing of this Complaint.

23. PB Forest Hills is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

**Defendant Tina Ma**

24. Defendant Tina Ma is owner and/or operator of PB Rego Park and PB Forest Hills.

25. Ma is actively involved in the operations of PB Rego Park and PB Forest Hills.

26. Throughout Castillo's employment, Ma has been regularly present at PB Rego Park and PB Forest Hills actively managing bakery operations.

27. Throughout Castillo's employment, Ma personally directed the manner in which employees, including Castillo, performed their daily duties and assignments.

28. Throughout Castillo's employment, Ma regularly interviewed, hired, and fired employees at PB Rego Park and PB Forest Hills, including Castillo himself.

29. Throughout Castillo's employment, Ma established the pay rates of employees at PB Rego Park and PB Forest Hills, including those of Castillo. For example, Ma told Castillo his hourly wage rates and, unless she was absent, gave Castillo and other PB Rego Park and PB Forest Hills employees their wages.

30. Throughout Castillo's employment, Ma had power over payroll decisions at PB Rego Park and PB Forest Hills, including the power to retain time and/or wage records and pay employees, including Castillo, their wages.

31. Throughout Castillo's employment, Ma would set Castillo's work schedule.

32. Ma exercises sufficient control over the operations at PB Rego Park and PB Forest Hills to be considered Plaintiff's employer under the FLSA and NYLL.

## FACTUAL ALLEGATIONS

**Plaintiff Miguel Castillo**

33. In approximately 2017, Defendants paid Castillo $15 per hour worked, including for his hours worked over forty per workweek.

34. From approximately 2018 to October 2019, Defendants paid Castillo $16 per hour worked, including for his hours worked over forty per workweek.

35. From approximately October 2019 through April 2020, Defendants paid Castillo $17 per hour worked, including for his hours worked over forty per workweek.

36. Throughout his employment, Castillo regularly worked between approximately forty-eight and sixty hours per workweek.

37. His regular weekly schedule was six days per week, Monday through Saturday from 5:00 a.m. to a time between 1:00 p.m. and 3:00 p.m., totaling approximately forty-eight to sixty hours per week.

5

38. For example, for the workweeks of December 16 to 22 and December 23 to 29, 2019, Castillo worked Monday through Saturday at PB Forest Hills. For each workweek, he worked at least 48 hours, equal to his six days times eight hours per workday.

39. For these workweeks, Defendants should have paid Castillo at least $680 for his first forty hours worked (*i.e.*, $17.00 regular hourly wage rate multiplied by 40 hours), and at least $204 for 8 overtime hours worked (*i.e.*, $25.50 overtime wage rate multiplied by 8 overtime hours), for gross total wages of $884. However, Defendants paid Castillo his regular hourly wage rate of $17.00 for all hours worked, including overtime hours.

40. For these workweeks, Defendants owe Castillo $8.50 per overtime hour worked, equal to his regular hourly wage rate of $17.00 divided by two.

41. For these workweeks, Castillo is owed liquidated damages equal to his full wages paid for the first workweek of his bi-weekly pay period.

42. From the beginning of his employment through February 2020, Castillo received his wages on a bi-weekly basis in cash, without accompanying wage statements.

43. From March 2020 throughout the end of his employment, Castillo received his bi-weekly wages by business check, without accompanying wage statements.

44. Defendants did not furnish Castillo with a wage notice when he was hired or whenever his rate of pay changed.

### FIRST CLAIM
### (FLSA – Unpaid Overtime Wages)

45. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

46. Defendants were required to pay Plaintiff one and one-half (1½) times his regular hourly wage rates for all hours worked in excess of forty per workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207 *et seq.*

47. Defendants have failed to pay Plaintiff overtime wages to which he is entitled under the FLSA.

48. Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff overtime wages.

49. Due to Defendants' violations of the FLSA, Plaintiff is entitled to recover unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

## SECOND CLAIM
### (NYLL – Unpaid Overtime Wages)

50. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

51. Under the NYLL and supporting NYDOL regulations, Defendants were required to pay Plaintiff one and one-half (1½) times his regular hourly wage rates per hour worked in excess of forty per workweek.

52. Defendants have failed to pay Plaintiff the overtime wages to which he was entitled under the NYLL.

53. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff overtime wages.

54. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs.

## THIRD CLAIM
### (NYLL – Failure to Provide Wage Notices)

55. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

56. Defendants failed to furnish Plaintiff with a notice at the time of hiring and whenever his rates of pay changed reflecting the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; and anything otherwise required by law in violation of NYLL § 195(1).

57. Due to Defendants' violation of NYLL § 195(1), Plaintiff is entitled to recover from Defendants liquidated damages of $50.00 per workday that the violation occurred, up to a maximum of $5,000.00, reasonable attorneys' fees and costs, and disbursements of the action, pursuant to NYLL § 198(1–b).

## FOURTH CLAIM
### (NYLL – Failure to Provide Accurate Wage Statements)

58. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

59. Defendants failed to furnish Plaintiff with a statement at the end of each pay period accurately reflecting: rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

60. Due to Defendants' violation of the NYLL, § 195(3), Plaintiff is entitled to recover from Defendants liquidated damages of $250.00 per workday, up to a maximum of $5,000.00, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1–d).

## FIFTH CLAIM
### (NYLL § 191 – Frequency of Payments)

61. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

62. Defendants paid Plaintiff on a bi-weekly basis.

63. Throughout his employment, Plaintiff spent at least 25% of his working time performing physical tasks.

64. Plaintiff was a "manual worker" within the meaning of NYLL § 191(1)(a).

65. Defendants should have paid Plaintiff on a weekly basis, "and not later than seven calendar days after the end of the week in which the wages were earned." N.Y. Lab. L. § 191(1)(a).

66. Because Defendants failed to pay Plaintiff on a weekly basis, in addition to other recovery available under the foregoing claims, Plaintiff is entitled to recover liquidated damages equal to his wages that were paid a week late every bi-weekly period.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

    a.    declaring that Defendants have violated the overtime wage provisions of the FLSA, NYLL, and NYDOL regulations;

    b.    declaring Defendants violated the wage notice and wage statement provisions of the NYLL and WTPA;

  c. declaring Defendants violated the frequency of pay requirements of the NYLL;

  d. declaring that Defendants' violations of the FLSA and NYLL were willful;

  e. enjoining future violations of the FLSA and NYLL by Defendants;

  f. awarding Plaintiff damages for unpaid overtime wages;

  g. awarding Plaintiff liquidated damages pursuant to the FLSA and the NYLL;

  h. awarding Plaintiff statutory damages as a result of Defendants' failure to furnish wage notices and wage statements pursuant to the NYLL and WTPA;

  i. awarding Plaintiff pre- and post-judgment interest under NYLL;

  j. awarding Plaintiff his reasonable attorneys' fees and costs incurred in prosecuting this action pursuant to the FLSA and the NYLL; and

  k. awarding such other and further relief as the Court deems just and proper.

Dated: New York, New York
   June 16, 2020

               PECHMAN LAW GROUP PLLC

              By: *s/ Louis Pechman*
                Louis Pechman
                Gianfranco Cuadra
                488 Madison Avenue, 17th Floor
                New York, New York 10022
                Tel.: (212) 583-9500
                pechman@pechmanlaw.com
                cuadra@pechmanlaw.com
                *Attorneys for Plaintiff*